UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TOURSEAN PRESSLEY,

Plaintiff,

v.

SARAH SCHROEDER et al.,

Defendants.

Case No. 2:25-cv-257

Honorable Robert J. Jonker

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

**Discussion**

## I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette,

Marquette County, Michigan. Plaintiff sues the following MBP staff: Warden Sarah Schroeder; Sergeants Unknown Matt, Unknown Tikkanen, Unknown Van Aker, and Unknown Perry; Captain Unknown Baldini; and Correctional Officers Unknown Bressette, Unknown Bray, Unknown Parker, Unknown Nelson, Unknown Dault, Unknown Zampeese #1, Unknown Zampeese #2, and Unknown Hall.

In his amended complaint, Plaintiff alleges that, on August 29, 2025, during "1st shift," he was subjected to "inhumane conditions" in the MBP showers, including trash, black mold, and human feces. (Am. Compl., ECF No. 10, PageID.46.) Plaintiff immediately asked Defendants Bressettee, Bray, Parker and Hall to let him out of the showers because of these conditions. (*Id.*) Defendants told Plaintiff that the conditions "would not kill [him]," and required Plaintiff to wait 15–20 minutes while the Defendants finished running the showers. (*Id.*) Plaintiff later informed Defendants Zampeese, Nelson, and Dault of the "events from 1st shift with the conditions" because it was staff policy that the showers would be cleaned during the 2nd shift; however, Defendant Schroeder refused to allow the non-party porter to clean the showers on that date. (*Id.*)

Plaintiff again raised this issue to Defendants Bressette, Zampeese, and Van Aker on August 30, 2025, but they did not correct the issue. (*Id.*, PageID.47.)

On September 17, 2025, Plaintiff again noticed trash, mildew, and black mold while attempted to shower. (*Id.*) In response to Plaintiff's complaints, Defendant Bressette took pictures of the showers, but "nothing was done." (*Id.*)

On September 22, 2025, Defendants Matt and Baldini responded to Plaintiff's grievance by stating that the porter was cleaning the showers regularly. (*Id.*, PageID.48.) And, October 8, 2025, Defendant Schroeder responded to Plaintiff's Step 2 grievance, stating that the issues regarding shower sanitation had been appropriately addressed. (*Id.*, PageID.48.) Plaintiff claims

that both of these statements were untrue and that from October 6, 2025, until October 27, 2025, the showers were not appropriately cleaned. (*Id.*)

Based on the foregoing allegations, Plaintiff avers that Defendants violated Plaintiff's Eighth Amendment rights and seeks $50 billion in monetary relief. (*Id.*, PageID.49–50.)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff claims that he was subjected to cruel and unusual conditions of confinement, in violation of his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Therefore, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837.

First, allegations about temporary inconveniences do not demonstrate that the conditions fell beneath the minimal civilized measure of life's necessities as measured by a contemporary standard of decency. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Therefore, Plaintiff's exposure to trash in the showers and his 15–20-minute exposure to human feces on August 29, 2025, do not state an Eighth Amendment claim. *See Lamb v. Howe*, 677 F. App'x 204, 209–10 (6th Cir. 2017) (holding that a four-hour period of exposure to human feces does not warrant relief under the Eighth Amendment) (citing, *inter alia*, *Taylor v. Larson*, 505 F. App'x 475, 477 (6th Cir. 2012) (finding that a prisoner who alleged that he was placed in a cell covered in fecal matter and forced to remain there for three days sufficiently stated a claim under the Eighth Amendment)); *Perkins v. Bailey*, 2021 WL 868887, at *9 (W.D. Mich. Mar. 9, 2021) (holding that allegations of dirty cell conditions over a two-week period fell "well short of meeting the objective component of the Eighth Amendment standard."); *see also Hutto v. Finney*, 437 U.S. 678, 686-87

(1978) ("A filthy, overcrowded cell . . . might be tolerable for a few days and intolerably cruel for weeks or months.")

Second, as to Plaintiff's claim that he was exposed to black mold, it is certainly possible that exposure to black mold might be sufficiently serious to satisfy the objective requirement, but simply alleging the presence of black mold is not enough. *See, e.g.*, *McIntyre v. Phillips*, No. 1:07-cv-527, 2007 WL 2986470, at *2–4 (W.D. Mich. Sept. 10, 2007) (citing *Brady v. State Farm Fire & Cas. Co.*, No. 05-30716, 2006 WL 551388, at *3 (5th Cir. Mar. 8, 2006); *Board v. Farnham*, 394 F.3d 469, 486 (7th Cir. 2005)), *report and recommendation adopted*, (W.D. Mich. Oct. 10, 2007) (dismissing prisoner action and holding that some exposure to black mold is a risk society has chosen to tolerate). Courts have looked to several factors to determine if the presence of black mold constitutes a risk of serious harm. The cases indicate that exposure to black mold satisfies the objective standard if the prisoner alleges physical injury as a result of the exposure. *See, e.g.*, *Whiteside v. Smith*, No. 22-1071-SHM-tmp, 2023 WL 4410510, at *8 (W.D. Tenn. July 7, 2023) ("Whiteside's allegation of harm from the Shower Conditions could plausibly satisfy the objective component of the Eighth Amendment...."); *Henderson v. Parin*, No. 3:22-cv-228, 2023 WL 369954, at *3 (S.D. Ohio Jan. 24, 2023) (report and recommendation concluding that the complaint must be dismissed "because plaintiffs have failed to allege that they suffered a physical injury that was caused by exposure to black mold"; case voluntarily dismissed by Plaintiff after entry of the R&R); *Brown v. Penick*, No. 1:22-CV-P99-GNS, 2022 WL 16702802, at *7 (W.D. Ky. Nov. 3, 2022) (finding that "because Plaintiff does not allege that the presence of mold in his cell caused him a health problem or created a substantial risk to his health...this claim must be dismissed for failure to state a claim upon which relief may be granted"); *Rogers v. MacLaren*, No. 1:20-CV-263, 2020 WL 3481541, at *8 (W.D. Mich. June 26, 2020) ("Plaintiff does not suggest that the

mold is airborne, and he does not allege that the presence of mold caused him a health problem or created a substantial risk to his health. As a consequence, Plaintiff's allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health."). Here, Plaintiff does not allege that he was injured due to the exposure to black mold.

Moreover, this Court considered a claim regarding black mold exposure in *Patrick v. Schroeder*, No. 2:23-cv-26, 2023 WL 2522057 (W.D. Mich. Mar. 15, 2023), *aff'd*, No. 23-1313, slip order at 2–3 (6th Cir. Oct. 5, 2023). In that case, the plaintiff alleged that his unit had black mold within the walls, making it "uninhabitable for over 10 [years]." *Id.* The Court resolved the plaintiff's Eighth Amendment conditions of confinement claim as follows:

> Here, nothing in Plaintiff's complaint suggests that the mold is airborne. Although Plaintiff states that he has experienced breathing issues, he attributes that to the mold without providing any further explanation or any supporting allegations that could permit the Court to infer that the mold "created a substantial risk to his health." *See Rogers v. Maclaren*, No. 1:20-cv-263, 2020 WL 3481541, at *8 (W.D. Mich. June 26, 2020). Plaintiff's general "allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health." *Id.* Plaintiff's allegations, therefore, fail to meet the objective prong of the deliberate indifference standard.

*Patrick*, 2023 WL 2522057, at *5. The Sixth Circuit Court of Appeals affirmed the dismissal stating: "The district court did not err by dismissing Patrick's Eighth Amendment claims. In the body of his complaint, Patrick did not make specific factual allegations against any defendant showing that they knew of and disregarded an excessive risk from the alleged mold." *Patrick v. Schroeder*, No. 23-323, slip order at 2–3 (6th Cir. Oct. 5, 2023). The same result is appropriate here.

Like in *Patrick*, Plaintiff also does not set forth any facts suggesting that the black mold in the shower was airborne. Moreover, nowhere in Plaintiff's complaint does he set forth facts indicating that Defendants were aware that placing Plaintiff in the shower for a matter of minutes posed a sufficiently serious risk to Plaintiff's health and ignored that risk. Even if Defendants acted

negligently by placing Plaintiff in a unit previously known to contain black mold, an Eighth Amendment violation requires a "state of mind more blameworthy than negligence." *See Farmer*, 511 U.S. at 835. Thus, for the foregoing reasons, the Court will dismiss Plaintiff's amended complaint for failure to state a claim.

## **Conclusion**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's amended complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: November 20, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge